BNDLSS,CLOSED

# U.S. District Court
## Southern District of Florida (Key West)
## CRIMINAL DOCKET FOR CASE #: <u>4:23–mj–05010–LSS</u> All Defendants
### *Internal Use Only*

Case title: USA v. BRYAN ROGER BISHOP

Date Filed: 08/07/2023

Date Terminated: 08/08/2023

Assigned to: Retired Mag Jdg JRS
Lurana S Snow

## Defendant (1)

| | | |
|---|---|---|
| **Bryan Roger Bishop** | represented by | **Noticing FPD–KW** |
| *TERMINATED: 08/08/2023* | | (305) 536–6900 |
| | | Email: kw_ecf@fd.org |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Public Defender Appointment* |

## Pending Counts

**None**

## Highest Offense Level (Opening)

**None**

## Terminated Counts

**None**

## Highest Offense Level (Terminated)

**None**

## Complaints

18:231.F.Civil Disorder,
18:111.F.Assaulting, Resisting, or
Impeding Certain Officers with a
Deadly and Dangerous Weapon,
18:1752.P.Entering and Remaining
in a Restricted Building or Grounds

## Disposition

(the headings "Disposition" appear to the right of Pending Counts, Terminated Counts, and Complaints)

**Plaintiff**

**USA**                                 represented by   **Christopher Barrett Browne**
                                                         United States Attorney's Office
                                                         Southern District of Florida
                                                         99 Northeast Fourth Street, 4th Floor
                                                         Miami, FL 33132–2111
                                                         305–961–9419
                                                         Fax: 305–530–6168
                                                         Email: christopher.browne@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/07/2023 | 1 | Magistrate Judge Removal of Complaint from District of Columbia Case number in the other District 1:23–mj–00194 as to Bryan Roger Bishop (1). (tpl) (Main Document 1 replaced on 8/8/2023) (tpl). (Entered: 08/07/2023) |
| 08/07/2023 | | Set/Reset Hearings as to Bryan Roger Bishop: Initial Appearance on Revocation Proceedings set for 8/8/2023 12:30 PM in Key West Division before KW Duty Magistrate Judge. (tpl) (Entered: 08/07/2023) |
| 08/08/2023 | 2 | Order to Unseal as to Bryan Roger Bishop Signed by Retired Mag Jdg JRS Annuitant Lurana S Snow on 8/8/2023. (tpl) (Entered: 08/08/2023) |
| 08/08/2023 | 3 | Minute for proceedings held before Retired Mag Jdg JRS Annuitant Lurana S Snow: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Bryan Roger Bishop held on 8/8/2023. Bond set: Bryan Roger Bishop (1) $100,000 PSB. Date of Arrest or Surrender: 8/8/2023. Attorney added: Noticing FPD–KW for Bryan Roger Bishop (Digital 12:32:20) (tpl) (Entered: 08/08/2023) |
| 08/08/2023 | 4 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Bryan Roger Bishop (tpl) (Entered: 08/08/2023) |
| 08/08/2023 | 5 | $100,000 PSB Bond Entered as to Bryan Roger Bishop Approved by Retired Mag Jdg JRS Annuitant Lurana S Snow. *Please see bond image for conditions of release.* (tpl) (Additional attachment(s) added on 8/8/2023: # 1 Restricted Bond with 7th Page) (tpl). (Entered: 08/08/2023) |
| 08/08/2023 | 6 | ORDER OF REMOVAL ISSUED to District of Columbia as to Bryan Roger Bishop. Closing Case for Defendant. Signed by Retired Mag Jdg JRS Annuitant Lurana S Snow on 8/8/2023. *See attached document for full details.* (tpl) (Entered: 08/08/2023) |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

*SD FL Case 4:23-mj-5010-LSS* (handwritten)

| | |
|---|---|
| United States of America | )  **Case: 1:23-mj-00194** |
| v. | )  **Assigned To : Upadhyaya, Moxila A.** |
| Bryan Roger Bishop | )  **Assign. Date : 8/2/2023** |
| DOB: XXXXXX | )  **Description: Complaint W/ Arrest Warrant** |
| | ) |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the _____ in the District of ____ Columbia ____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 231(a)(3) - Civil Disorder; | |
| 18 U.S.C. §§ 111(a)(1) and (b) - Assaulting, Resisting, or Impeding Certain Officers with a Deadly and Dangerous Weapon; | |
| 18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds; | |
| 18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds; | |
| 18 U.S.C. § 1752(a)(4) - Engaging in Physical Violence in a Restricted Building or Grounds; | |
| 40 U.S.C. § 5104(e)(2)(F) - Engaging in an Act of Physical Violence on Capitol Grounds or Buildings. | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

█████████████████

*Complainant's signature*

████████ Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: _____ 08/02/2023 _____

*M.A. Upadh_____* (signature)
2023.08.02 14:30:14
-04'00'

*Judge's signature*

City and state: _____ Washington, D.C. _____

Moxila A. Upadhyaya, U.S. Magistrate Judge

*Printed name and title*

## STATEMENT OF FACTS

Your affiant, Jasen Lee, is a Special Agent with the Federal Bureau of Investigation (FBI). I have been in this position since June 2016. I am currently assigned to the Central Texas Joint Terrorism Task Force in the FBI San Antonio Field Office. In my duties as a Special Agent, I have gained training and experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, the exploitation of lawfully obtained evidence and data, and various other procedures. I am currently tasked, among other things, with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies, or is based on a review of various documents, records, and reports. Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not contain every fact known by me or the FBI. The dates and times listed in this Affidavit should be read as "on or about."

### *Background: Events at the U.S. Capitol on January 6, 2021*

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway, and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows

and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

### *Facts Specific to Bryan Bishop*

Based upon review of public video, closed circuit video ("CCV") footage and police body worn camera ("BWC") footage depicting the events at the U.S. Capitol building and grounds on January 6, 2021, law enforcement identified an individual among the rioters that assaulted members of the Metropolitan Police Department (MPD) on the West Terrace of the U.S. Capitol and then entered the U.S. Capitol building on January 6, 2021. The FBI subsequently posted a photograph of the individual at the U.S. Capitol on its webpage under the name "AFO #466" and requested help from the public to identify the individual. As set out in detail below, law enforcement has identified AFO #466 as BRYAN ROGER BISHOP ("BISHOP") and there is probable cause to believe that on January 6, 2021 BISHOP committed violations of 18 U.S.C. §§ 231(a)(3) (civil disorder), 111(a) and (b) (assault of a federal officer with a deadly and dangerous weapon, 1752 (a)(1), (2) and (4) and (b)(1)(A) (entering and remaining, disorderly and disruptive conduct, and act of physical violence in a restricted buildings or grounds, with a deadly or dangerous weapon) and 40 U.S.C. § 5104(e)(2)(F) (act of physical violence on Capitol Grounds).

### A. Identification of Bryan Bishop as AFO #466

While reviewing digital media obtained as part of its investigation of the events of January 6, 2021, the FBI discovered an unidentified male to whom it assigned the identifier "AFO #466." In an attempt to obtain information as to his identity, the FBI released the following photos of AFO #466 to its FBI tip website:





Photograph #466 – AFO D          Photograph #466 – AFO A





Photograph #466 – AFO B          Photograph #466 – AFO C

Additionally, open-source websites referred to AFO #466 as #UnderHelmetSprayer and released the following poster, which included images of AFO #466:

3



Image 1

Your affiant reviewed photographs of BISHOP from his Florida state driver's license, Minnesota state driver's license, Idaho state driver's license, and his passport renewal application submitted on March 11, 2022. The individual in these photographs appears to be the same individual depicted in the photographs of AFO #466.

In June of 2022, FBI agents interviewed a person that has known BISHOP for several years ("Witness 1"). Witness 1 was shown BISHOP's Idaho state driver's license photograph obtained by the FBI. In addition, Witness 1 was also shown the #UnderHelmetSprayer poster (Image 1). Witness 1 confirmed BISHOP's identity in the images.

### B. AFO #466's Activities at the U.S. Capitol on January 6, 2021

On January 6, 2021, by approximately 2:00 p.m., rioters had breached various barriers that had been erected on the west side of the Capitol building and were attempting to overwhelm police officers positioned there. At approximately, 2:02 p.m., as depicted below, BISHOP wearing an olive colored beanie, tan neck gaiter over his face, and outer grey jacket with an orange interior, emerged from the crowd of rioters and aimed a red colored device at the line of officers, assaulting the law enforcement officers by spraying them with an orange colored chemical irritant. The screenshots below were taken from the body worn camera footage of MPD Officer A.A. BISHOP is circled in red. *See* Images 2- 4.

4



Image 2



Image 3



Image 4 (closeup of Image 3)

I have also reviewed open source images and videos of BISHOP outside as well as inside the U.S. Capitol building on January 6, 2021, including video of what appears to be the events

5

depicted in Images 2 and 3 above, from another angle. In that video, an individual, wearing an olive green beanie, tan neck gaiter over his face, and an outer grey jacket with an orange interior, whom I believe is BISHOP, sprayed two MPD officers in the face with a chemical substance. After spraying the first officer, A.A., directly in the face, BISHOP sprayed the second officer, B.S., in the face shield and then aimed at an upward angle in order to spray under B.S.'s face shield and directly into his face. BISHOP is circled in yellow in both images. *See* Images 5 and 6.

 

Image 5                                          Image 6

Officer B.S. was interviewed by the FBI and stated the chemical irritant hit his face shield and ended up on his face and in his eyes. Officer B.S.'s eyes and face immediately began to burn and he wasn't able to see anything. For the next seven to ten minutes, Officer B.S. had to fight through the crowd without being able to see and was in fear for his life. Due to his lack of sight, Officer B.S. had to be led through the crowd by another officer.

The FBI also conducted a review of CCV footage from inside the U.S. Capitol building. That review revealed that BISHOP entered the U.S. Capitol building at approximately 2:39 pm EST. *See* Image 7.



Image 7

Further review of video from inside the U.S. Capitol building shows BISHOP walked amongst various rooms to include the Rotunda, Statuary Hall, and Statuary Hall Connector. While inside the U.S. Capitol building BISHOP spoke with various individuals, appearing to ask for directions on several occasions. The screenshot below shows BISHOP in the Statuary Hall Connector, at approximately 2:46 p.m., speaking with an individual wearing a protective helmet. BISHOP is circled in red. *See* Image 8.



Image 8

Additionally, BISHOP was observed checking his cellular phone several times while inside the U.S. Capitol building. The screenshot below shows BISHOP checking his cellular phone while in the Rotunda. BISHOP is circled in red. *See* Image 9.

7


Image 9

Review of CCV from the interior of the U.S. Capitol Building revealed that BISHOP exited the U.S. Capitol building at approximately 2:56 pm EST through the East Rotunda Doors. BISHOP remained in the U.S. Capitol building for approximately 17 minutes without the authority to do so. In the image below, BISHOP is circled in red as he exits the U.S. Capitol Building. *See* Image 10.


Image 10

8

*Conclusion*

Based on the foregoing, your affiant submits that there is probable cause to believe that BRYAN ROGER BISHOP violated 18 U.S.C. § 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Secret Service's protection of the Vice President and his family and the Capitol Police's protection of the U.S. Capitol.

Your affiant further submits there is probable cause to believe that BISHOP violated 18 U.S.C. § 111(a)(1) and (b), which makes it a crime to (a) forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in 18 U.S.C. § 1114 as an officer or employee of the United States while engaged in or on account of the performance of official duties; and (b) use a deadly or dangerous weapon or inflict bodily injury during such assault.

Your affiant also submits that there is probable cause to believe that BISHOP violated 18 U.S.C. §§ 1752(a)(1), (2) and (4), and 1752(b)(1)(A), which make it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; and (4) knowingly engage in any act of physical violence against any person or property in any restricted building or grounds; or attempt or conspire to do so; and punish the commission of such acts using or carrying a deadly or dangerous weapon or when significant bodily injury is inflicted.. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

9

Finally, your affiant submits there is also probable cause to believe that BISHOP violated 40 U.S.C. § 5104(e)(2)(F), which makes it a crime to willfully and knowingly engage in an act of physical violence in the Grounds or any of the Capitol Buildings.

_____
FEDERAL BUREAU OF INVESTIGATION

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 2nd day of August, 2023.

Moxila A. Upadhyaya
2023.08.02 14:28:39 -04'00'

_____
U.S. MAGISTRATE JUDGE

10

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Bryan Roger Bishop<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | **Case: 1:23-mj-00194**<br>**Assigned To : Upadhyaya, Moxila A.**<br>**Assign. Date : 8/2/2023**<br>**Description: Complaint W/ Arrest Warrant** |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* _____ **Bryan Roger Bishop** _____ ,
who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment ❑ Superseding Indictment ❑ Information ❑ Superseding Information ☒ Complaint
❑ Probation Violation Petition ❑ Supervised Release Violation Petition ❑ Violation Notice ❑ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 231(a)(3) - Civil Disorder;
18 U.S.C. §§ 111(a)(1) and (b) - Assaulting, Resisting, or Impeding Certain Officers with a Deadly and
Dangerous Weapon;
18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds;
18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds;
18 U.S.C. § 1752(a)(4) - Engaging in Physical Violence in a Restricted Building or Grounds;
40 U.S.C. § 5104(e)(2)(F) - Engaging in an Act of Physical Violence on Capitol Grounds or Buildings.

Date:      08/02/2023

City and state:      Washington, D.C.

*M.H. Upad.*

Moxila A.
Upadhyaya
2023.08.02
14:29:28 -04'00'

_____
*Issuing officer's signature*

Moxila A. Upadhyaya, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____<br>at *(city and state)* _____ .<br><br>Date: _____<br><br>_____<br>*Arresting officer's signature*<br><br>_____<br>*Printed name and title* |

14

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Christopher Barrett Browne (betty.alfaraz@usdoj.gov,
caseview.ecf@usdoj.gov, christopher.browne@usdoj.gov, usafls-brdkt@usdoj.gov,
usafls-hqdkt@usdoj.gov), Retired Mag Jdg JRS Annuitant Lurana S Snow
(snow@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:23583488@flsd.uscourts.gov
Subject:Activity in Case 4:23-mj-05010-LSS USA v. Bishop Set/Reset Hearings
Content-Type: text/html
```

### U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 8/7/2023 at 11:01 AM EDT and filed on 8/7/2023

| | |
|---|---|
| **Case Name:** | USA v. Bishop |
| **Case Number:** | <u>4:23–mj–05010–LSS</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Set/Reset Hearings as to Bryan Roger Bishop: Initial Appearance on Revocation Proceedings set for 8/8/2023 12:30 PM in Key West Division before KW Duty Magistrate Judge. (tpl)**

**4:23–mj–05010–LSS–1 Notice has been electronically mailed to:**

Christopher Barrett Browne &nbsp &nbsp christopher.browne@usdoj.gov, betty.alfaraz@usdoj.gov, CaseView.ECF@usdoj.gov, USAFLS–BRDKT@usdoj.gov, USAFLS–HQDKT@usdoj.gov

**4:23–mj–05010–LSS–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

15

# COURT MINUTES/ORDER

## United States Magistrate Judge Lurana S. Snow

| Courtroom(Key West) | Date: 8/8/2023 | Time: 12:30PM |

Defendant: Bryan Roger Bishop(J)     J#: ____     Case #: 23-Mj-5010-LSS

AUSA: Christopher Browne     Attorney: Ian McDonald, AFPD

Violation: Civil Disorder; Assaulting, Resisting, or Impeding Certain Officers with Deadly Weapons

Proceeding: Initial Appearance- Rule 40/5 Removal     CJA Appt: ____

Bond/PTD Held: ☒ Yes  ☐ No     Recommended Bond: $100K PSB

Bond Set at: $100K PSB     Co-signed by: ____

☒ Surrender and/or do not obtain passports/travel docs

Language: English

☒ Report to PTS as directed/or ____ x's a week/month by phone: ____ x's a week/month in person

☐ Random urine testing by Pretrial Services ____
   Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☒ No firearms

☒ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or with GPS
   Curfew ____ pm to ____ am, paid by ____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: ____

☒ Other: Remove firearms from home.

Disposition:
- Defendant present.
- The Court grants the Government's Ore Tenus Motion to Unseal the Complaint
- Defendant advised of rights and charges. Sworn and testified Re Indigency. AFPD appointed for purposes of removal.
- Defendant waives removal hearing.
- Speedy trial is excluded today through 8-17-2023.
- Initial appearance in Other District is 8-17-2023

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |

Report RE Counsel: ____

PTD/Bond Hearing: ____

Prelim/Arraign or Removal: ____

Status Conference RE: ____

D.A.R. 12:32:20     Time in Court: 20mins

**CHECK IF APPLICABLE:** _____ For the reasons stated by counsel for the Defendant and finding that the ends of justice served by granting the ore tenus motion for continuance to hire counsel outweigh the best interests of the public & the Defendant in a Speedy Trial, the Court finds that the period of time from today, through and including ____, shall be deemed excludable in accordance with the provisions of the Speedy Trial Act, 18 USC 3161 et seq..

# COURT MINUTES/ORDER

## United States Magistrate Judge Lurana S. Snow

| Courtroom(Key West) | Date: 8/8/2023 | Time: 12:30PM |
|---|---|---|

Defendant: Bryan Roger Bishop(J)  J#: _____  Case #: 23-Mj-5010-LSS

AUSA: Christopher Browne  Attorney: Ian McDonald, AFPO

Violation: Civil Disorder; Assaulting, Resisting, or Impeding Certain Officers with Deadly Weapons

Proceeding: Initial Appearance- Rule 40/5 Removal  CJA Appt: _____

Bond/PTD Held: ☒ Yes ☐ No  Recommended Bond: $100K PSB

Bond Set at: $100K PSB  Co-signed by: _____

☒ Surrender and/or do not obtain passports/travel docs

☒ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____
Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☒ No firearms

☒ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring with GPS and/or
Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☒ Other: Remove firearms from home.

Language: English

Disposition:
- Defendant present.
- The Court grants the Government's Ore Tenus Motion to Unseal the Complaint
- Defendant advised of rights and charges. Sworn and testified Re Indigency. AFPO appointed for purposes of removal.
- Defendant waives removal hearing.
- Speedy trial is excluded today through 8-17-2023.
- Initial appearance in Other District is 8-17-2023

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|
| Report RE Counsel: | | | | |
| PTD/Bond Hearing: | | | | |
| Prelim/Arraign or Removal: | | | | |
| Status Conference RE: | | | | |

D.A.R. 12:32:20  Time in Court: 20 mins

**CHECK IF APPLICABLE:** _____ For the reasons stated by counsel for the Defendant and finding that the ends of justice served by granting the ore tenus motion for continuance to hire counsel outweigh the best interests of the public & the Defendant in a Speedy Trial, the Court finds that the period of time from today, through and including _____, shall be deemed excludable in accordance with the provisions of the Speedy Trial Act, 18 USC 3161 et seq..

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No: 23-MJ- 5010-LSS

United States of America
      Plaintiff,
  v.

Bryan Roger Bishop             Charging District's Case No.1:23-Mj-00194
      Defendant,

_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

    I understand that I have been charged in another district, the District of Columbia.

    I have been informed of the charges and of my rights to:

    (1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;
    (2)    an identity hearing to determine whether I am the person named in the charges;
    (3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
    (4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
    (5)    a hearing on any motion by the government for detention;
    (6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

    I agree to waive my rights to: **(check those that apply)**

    ☐ An identity hearing and production of the warrant.

LSS    ☒ A preliminary hearing.

    ☐ A detention hearing in the Southern District of Florida.

    ☑ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

    I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 8/8/2023

_____
Defendant's Signature

_____
Lurana S. Snow
UNITED STATES MAGISTRATE JUDGE

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: 100k Personal Surety Bond

## CASE NO.: 23-MJ-5010-LSS

UNITED STATES OF AMERICA:

        Plaintiff,

v.
                          USM#: 71965-510

Bryan Roger Bishop

        Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 100,000 PSB w/ GPS MONITORING

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: Bishop, Bryan
CASE NUMBER: 23-MJ-5010
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

*BY NOON THURSDAY, 8/10/23,*

X a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

X b. Report to Pretrial Services as follows: ( X )as directed or___ time(s) a week in person and___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

___ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

X k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

X l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, *OR VESSELS* until the bond is discharged, or otherwise modified by the Court;

___ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: Bishop, Bryan
CASE NUMBER: 23-Mj-5010
PAGE THREE

✗ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

✗ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

OR

__ Home Detention: You are restricted to your residence at all times except for:

   ( ) medical
   ( ) substance abuse or mental health treatment
   ( ) court appearances
   ( ) attorney visits or court ordered obligations
   ( ) religious services
   ( ) employment
   ( ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

   ( ) employment
   ( ) education
   ( ) religious services
   ( ) medical, substance abuse, or mental health treatment
   ( ) attorney visits
   ( ) court appearances
   ( ) court ordered obligations
   ( ) reporting to Pretrial Services
   ( ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: Bishop, Bryan
CASE NUMBER: 23-Mj-5010
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.

2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.

6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

7. ( ) The defendant shall not be involved in any children's or youth organizations.

8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

__ u. May travel to and from: _____, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ v. Comply with the following additional conditions of bond:
Remove any firearms from Residence

DEFENDANT: Bishop, Bryan
CASE NUMBER: 23-Mj-5010
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Bishop, Bryan
CASE NUMBER: 23-Mj-5010
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _8TH_ day of _AUG_ _20_, 23    at _KW_, Florida

Signed and acknowledged before me:                     DEFENDANT: (Signature) _____

WITNESS: _____                 _MARATHON_                  _FL_
                                                                    City                                State

_KEY WEST_          _FL_
        City                    State

### CORPORATE SURETY

Signed this _____ day of _____, 23    at _____, Florida

SURETY: _____                     AGENT: (Signature) _____

_____                              PRINT NAME: _____
        City                    State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 23 __ at _____, Florida      Signed this ___ day of _____, 23 __ at _____, Florida

SURETY: (Signature) _____                      SURETY: (Signature) _____

PRINT NAME: _____                              PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____                   RELATIONSHIP TO DEFENDANT: _____


_____          _____              _____          _____
     City                    State                        City                    State

Signed this ___ day of _____, 23 __ at _____, Florida      Signed this ___ day of _____, 23 __ at _____, Florida

SURETY: (Signature) _____                      SURETY: (Signature) _____

PRINT NAME: _____                              PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____                   RELATIONSHIP TO DEFENDANT: _____


_____          _____              _____          _____
     City                    State                        City                    State

### APPROVAL BY THE COURT

Date: _8/8/23_                        _Lurana S. Snow_

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

### CASE NO.: 23-MJ-5010-LSS

UNITED STATES OF AMERICA:

Plaintiff,

v.                                                    USM # : _71965-510_

Bryan Roger Bishop

Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ _100,000 PSB w/ GPS monitoring_

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: Bishop, Bryan
CASE NUMBER: 23-Mj-5010
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

*BY NOON THURSDAY, 8/10/23,*

X a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

X b. Report to Pretrial Services as follows: ( X )as directed or___ time(s) a week in person and___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

___ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

X k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

*OR VESSELS*

X l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

___ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

26

DEFENDANT: Bishop, Bryan
CASE NUMBER: 23-Mj-5010
PAGE THREE

_X_ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on (  ) ability to pay as determined by the U.S. Probation Officer – or – (  ) paid by U.S. Probation;

 __ Location monitoring technology at the discretion of the officer
 __ Radio Frequency (RF) monitoring (Electronic Monitoring)
 _X_ Active GPS Monitoring
 __ Voice Recognition
 __ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

OR

 __ Home Detention: You are restricted to your residence at all times except for:
   (  ) medical
   (  ) substance abuse or mental health treatment
   (  ) court appearances
   (  ) attorney visits or court ordered obligations
   (  ) religious services
   (  ) employment
   (  ) other activities as pre-approved by the supervising officer

—— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by (  )Pretrial Services or (  ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:
   (  ) employment
   (  ) education
   (  ) religious services
   (  ) medical, substance abuse, or mental health treatment
   (  ) attorney visits
   (  ) court appearances
   (  ) court ordered obligations
   (  ) reporting to Pretrial Services
   (  ) other _____

__ q. Third-Party Custody: _____ will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

—— r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: Bishop, Bryan
CASE NUMBER: 23-Mj-5010
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

__ u. May travel to and from: _____, and must notify Pretrial Services of travel plans before leaving and upon return.

__ v. Comply with the following additional conditions of bond:

_____

_____

DEFENDANT: Bishop, Bryan
CASE NUMBER: 23-Mj-5010
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Bishop, Bryan
CASE NUMBER: 23-Mj-5010
PAGE SIX

### PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

#### DEFENDANT

Signed this _9TH_ day of _AUG_ 20_23_ at _KW_ , Florida

Signed and acknowledged before me:          DEFENDANT: (Signature) _____

WITNESS: _LA Woech_                    _MARATHON_ _____ _FL_
_KEY WEST_ _____ _FL_                              City                    State
       City          State

#### CORPORATE SURETY

Signed this _____ day of _____, 23___ at _____, Florida

SURETY: _____          AGENT: (Signature) _____

_____  _____          PRINT NAME: _____
     City             State

#### INDIVIDUAL SURETIES

Signed this ___ day of _____, 23___ at _____, Florida   Signed this ___ day of _____, 23___ at _____, Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: _____          PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____          RELATIONSHIP TO DEFENDANT: _____

_____  _____          _____  _____
     City             State                     City             State

Signed this ___ day of _____, 23___ at _____, Florida   Signed this ___ day of _____, 23___ at _____, Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: _____          PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____          RELATIONSHIP TO DEFENDANT: _____

_____  _____          _____  _____
     City             State                     City             State

### APPROVAL BY THE COURT

Date: _8/8/23_ _____          _Lurana S. Snow_

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

30

<table>
<tr><td>

**CM/ECF RESTRICTED**

</td><td>

**DEFENDANT:**
**CASE NUMBER:**
**PAGE SEVEN**

</td></tr>
</table>

### PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this __8T11__ day of __AUG__ __2023__ at __KEY WEST__, Florida

Signed and acknowledged before me:

WITNESS: __LIA Welch__

ADDRESS: __301 SIMONTON ST__

__KEY WEST, FL__ ZIP: __33040__

DEFENDANT: (Signature) _____

ADDRESS: __800 85TH ST OCEAN__

__MARATHON FL__ ZIP: __33050__

TELEPHONE: __620 313 0382__

### CORPORATE SURETY

Signed this _____ day of _____, 23 ___ at _____, Florida

SURETY: _____

ADDRESS: _____

ZIP: _____

AGENT: (Signature) _____

PRINT NAME: _____

TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 23 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

ZIP: _____

TELEPHONE: _____

Signed this ___ day of _____, 23 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

ZIP: _____

TELEPHONE: _____

Signed this ___ day of _____, 23 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

ZIP: _____

TELEPHONE: _____

Signed this ___ day of _____, 23 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

ZIP: _____

TELEPHONE: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 23-MJ-5010-LSS

United States of America
      Plaintiff,

   v.

Bryan Roger Bishop
      Defendant,

_____/

### ORDER OF REMOVAL

    It appearing that in the **District of Columbia**, a Complaint was filed against the above-named defendant on a charge of Civil Disorder, and Entering and Remaining in a Restricted Building or Grounds, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Lurana S. Snow at Key West, Florida, which officially committed the defendant for removal to the **District of Columbia**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

    And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Lurana S. Snow for removal and released to $ _100,000 P.S.B., with conditions_ which was approved by the United States Magistrate Judge Lurana S. Snow, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

    DONE AND ORDERED at Key West, Florida on 08/08/2023.

Lurana S. Snow
United States Magistrate Judge